MARY ELIZABETH LEWIS v. JOHN POTTER LEWIS

[No. 114, September Term, 1980.]

*Decided April 22. 1981.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Alan D. Massengill* for appellant.

*Thomas L. Heeney,* with whom were *Heeney, Armstrong & Heeney* on the brief, for appellee.

SMITH, J., delivered the opinion of the Court.

We were importuned by appellant Mary Elizabeth Lewis to grant the writ of certiorari in this case prior to its hearing in the Court of Special Appeals in order that we might address an issue of first impression, the proper interpretation to be placed upon Maryland Code (1974, 1980 Repl. Vol.) § 3-6A-02, Courts and Judicial Proceedings Article. This concerns the jurisdiction of a Maryland court relative to the disposition of marital property subsequent to a divorce or annulment granted by a court of another state in which case the defendant was a Maryland resident. Unfortunately, we shall be obliged to dismiss the appeal since it is from a nonappealable interlocutory order.

After the grant of the petition for the writ of certiorari in this case we realized that a question existed as to whether the order from which the appeal was sought to be taken was an appealable one. For that reason we directed the parties to "submit a written memorandum and [to] argue to the Court whether there is an appealable final order in this case, addressing themselves, among other things, to Maryland Rule 605 a; Maryland Code (1974, 1980 Repl. Vol.) § 12-303, Courts and Judicial Proceedings Article; *Stewart v. State,* 287 Md. 524, 413 A.2d 1337 (1980); *Pappas v. Pappas,* 287 Md. 455, 413 A.2d 549 (1980); *Biro v. Schombert,* 285 Md. 290, 402 A.2d 71 (1979); *Lang v. Catterton,* 267 Md. 268, 297 A.2d 735 (1972); and *Diener Enterprises v. Miller,* 266 Md. 551, 295 A.2d 470 (1972) . . . ." Unfortunately, in their zeal to have us finally decide the issues raised, the parties appear not to have fully comprehended the procedural problems presented.

I

For purposes of this opinion the facts may be briefly stated. Mrs. Lewis sued John Potter Lewis for divorce a

vinculo matrimonii in the Circuit Court for Montgomery County. She said that he was then "temporarily resid[ing] in the State of Texas because of being transferred there for military duty." It was alleged that property "accumulated by the parties during their marriage to each other and [which] is marital property" included a home in Montgomery County and the "retirement benefits accumulated [by Mr. Lewis] during [his] military career." The prayers for relief included "[t]hat the Court determine the value of all marital property of the parties, including the retirement benefits accumulated because of [Mr. Lewis'] military service." The bill was filed January 8, 1979. The relief prayed relative to marital property was under Code (1974, 1978 Cum. Supp.) §§ 3-6A-01 to -07, Courts and Judicial Proceedings Article.[1] Previously, on October 9, 1978, Mr. Lewis had sued Mrs. Lewis for divorce in Texas on the ground of voluntary separation. Service of process was effected upon her in Maryland but she neither responded to the Texas action nor submitted to personal jurisdiction in Texas at any time. A decree was entered in Texas on March 9, 1979. It divorced the parties and, among other things, awarded Mr. Lewis "[a]ll right, title, and interest in and to an accruing U. S. Army Retirement . . . ." Mr. Lewis filed a motion raising preliminary objection in this proceeding on the basis of the Texas decree. The motion was granted on October 2, 1979, as to the dissolution of the marriage, but denied as to all other matters. Then he moved for summary judgment as to "Paragraphs No. 10, 11 and 12 of the WHEREFORE clause of the Plaintiff's Bill of Complaint," those that asked the court to determine the value of the marital property including retirement benefits, to make a monetary award to Mrs. Lewis after adjusting the rights of the parties in the marital property, and that the monetary award be reduced to a judgment in her favor. An order styled as a "decree" was filed on April 1, 1980, granting partial summary judgment to Mr. Lewis. Among other things it specified that the

---

1. Chapter 794 of the Acts of 1978 which enacted the section in question specified that it "sh[ould] take effect January 1, 1979, and sh[ould] apply only to cases filed after that date."

personal property which was the subject of the Taxas decree was "removed from the Maryland Marital Estate for purposes of the Maryland Court's exercising any of the powers conferred under Subtitle 6A, § 3-6A-01 through § 3-6A-07 of the *Courts and Judicial Proceedings* Article," including "[a]ll right, title, and interest in and to an accruing U. S. Army Retirement . . . ." On April 25 Mrs. Lewis entered an appeal to the Court of Special Appeals. On May 27 she filed a motion which referred to Rule 605 a and prayed for a certification of the April 1 order as a final judgment. On that same day the chancellor found no just reason for delay and "expressly direct[ed] entry of judgment as to the Decree dated March 31, 1980, nunc pro tunc," the latter phrase having been inserted by him in longhand. On June 11 Mrs. Lewis entered an appeal to the Court of Special Appeals "from the Order dated May 27, 1980, certifying the granting of Defendant's Motion for Partial Summary Judgment as a final judgment."

## II

We begin with the elementary proposition that parties may not by consent confer jurisdiction upon this Court or the Court of Special Appeals. *Stewart v. State,* 287 Md. 524, 527, 413 A.2d 1337 (1980); *Pappas v. Pappas,* 287 Md. 455, 466, 413 A.2d 549 (1980); *Biro v. Schombert,* 285 Md. 290, 293, 402 A.2d 71 (1979); *Blocher v. Harlow,* 268 Md. 571, 578, 303 A.2d 395 (1973); and *Lang v. Catterton,* 267 Md. 268, 275, 297 A.2d 735 (1972). We may not decide the issue presented if we have no jurisdiction to decide it, notwithstanding the importance of the issue.

Code (1974) § 12-301, Courts and Judicial Proceedings Article provides in pertinent part:

Except as provided in § 12-302, a party may appeal from a final judgment entered in a civil . . . case by a circuit court. The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory

> jurisdiction, unless in a particular case the right of appeal is expressly denied by law.

The term "final judgment" is defined in § 12-101 (f) as meaning "a judgment, decree, sentence, order, determination, decision, or other action by a court, including an orphans' court, from which an appeal, application for leave to appeal, or petition for certiorari may be taken."

There is nothing new about the Maryland concept that, with the narrow exceptions which we shall hereafter discuss, appeals should be only from final judgments. *See, e.g.,* the explanation by Judge Buchanan for the Court in *Snowden et al. v. Dorsey et al.,* 6 H. & J. 114, 115-16 (1823). Two reasons exist for the rule, that until a final judgment is entered the proceedings are subject to revision by the trial court and in the interest of sound judicial administration to avoid piecemeal appeals. *Snowden; Wylie v. Johnston,* 29 Md. 298, 303-04 (1868), and Rule 625.

A type of final judgment rule is provided in Rule 605 a "[w]here more than one claim for relief is presented in an action" and "the [trial] court . . . direct[s] the entry of a final judgment upon one or more but less than all of the claims . . . upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." The rule specifically states, "In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." In regard to the effort of the parties to come in under the chancellor's attempted certification pursuant to Rule 605 a that a final judgment should be entered and there was no just cause for delay, we first point out that at the time of the entry of the initial decree on April 1 no such certification was made. An appeal was entered from that order. In *Lang* we had before us a case in which a trial court attempted to pass an order under Rule 605 a after the entry of the appeal. We concluded that

opinion by saying, "It is consistent with sound judicial administration to hold the Superior Court of Baltimore City was ousted by the order of appeal from jurisdiction to pass any order which would affect the status of *that* appeal." *Id.* 267 Md. at 286. (Emphasis added.)

In *Lang* we discussed the whole concept of appeals under Rule 605 a, pointing out, among other things, that it was modeled on Fed. R. Civ. P. 54 (b) and that in *Sears, Roebuck and Co. v. Mackey,* 351 U.S. 427, 435, 76 S. Ct. 895, 100 L. Ed. 1297 (1956), Mr. Justice Burton said for the Supreme Court that the trial judge was expected to be "used as a 'dispatcher,'" that he was "to determine, in the first instance, the appropriate *time when each 'final decision'* upon 'one or more but less than all' of the claims in a multiple claims action is ready for appeal." *Id.* at 435. (Emphasis in the original.)

It must be remembered that the order of the trial judge under Rule 605 a was entered here *after* Mrs. Lewis filed her first order for appeal to the Court of Special Appeals. The nunc pro tunc language of the May 27 order was a nullity since it purported to affect that which had already been appealed. Under our decision in *Lang* the chancellor was without power to do this. In *Merlands Club v. Messall,* 238 Md. 359, 208 A.2d 687 (1965), we were obliged to dismiss an appeal from a judgment nisi since it was not an appeal from a final judgment. The Court there recognized that the trial court had power to enter a judgment absolute at the appropriate time. In fact, the Court took pains to note that "no order of appeal [was] entered within 30 days after July 28, 1964, the date the judgment absolute was entered." *Id.* at 361. (The order of appeal from the judgment nisi was filed on July 27.) Consequently, had the May 27 order disposed of an entire claim, we would have jurisdiction in this case to hear the appeal of Mrs. Lewis from that order. We still find ourselves without jurisdiction to hear the appeal from the May 27 order, however, because, as Judge Eldridge put it for the Court in *Biro,* 285 Md. at 294, "An order which disposes of only part of a single claim cannot be made final under Rule 605 a." In that particular case two separate claims were

asserted, a wrongful death claim in the first count and the personal representative's claim in the second court. The trial court disposed of neither of the claims. Instead it ruled on only part of the claim made in the second count when it entered a summary judgment limiting recovery by the personal representative to funeral expenses notwithstanding the attempt in that count to claim loss to the decedent's estate of the future income which the decedent would have earned had he survived. We have here a single claim for disposition of marital property and the trial judge has decided that a part of that which Mrs. Lewis claimed is not properly a part of the marital estate.[2]

We next turn to § 12-303, Courts and Judicial Proceedings Article, since, as discussed in *Pappas,* it does provide for appeal from certain interlocutory orders. No useful purpose would be served in quoting the entire section since Mrs. Lewis argues that "the subject matter of this appeal is directly responsive to" § 12-303 which she states "enumerates under (a) 'An order entered with regard to the possession of property with which the action is concerned' and (c) (6) 'determining a question of right between the parties ....'" The precise statement in § 12-303 is in pertinent part:

> A party may appeal from any of the following interlocutory orders entered by a circuit court in a civil case:
>
> (a) An order entered with regard to the possession of property with which the action is concerned or with reference to the receipt or

---

2. Lest a generation of lawyers who have not had the benefit of a law school course in equity pleading and who have been educated in terms of federal or code pleading think in terms of breaking their equity claims into counts in the hope of avoiding the problem here, we point out that in Randolph Hills v. Shoreham, 266 Md. 182, 185, n. 4, 292 A.2d 662 (1972), Judge Singley said for the Court, "[T]here is neither warrant nor precedent for joining several counts in a bill in equity, *see* Maryland Rule 370 a." A similar statement was made by Judge Digges for the Court in Shoreham v. Randolph Hills, 269 Md. 291, 294, n. 4, 305 A.2d 465 (1973), citing *Randolph Hills.* Of course, there may be multiple claims in equity notwithstanding the fact that one does not have counts.

charging of the income, interest, or dividends therefrom, or the refusal to modify, dissolve, or discharge such an order.

. . .

(c) An order:

. . .

(6) Determining a question of right between the parties *and* directing an account to be stated on the principle of such determination. [(Emphasis added.)]

This case obviously does not come under (c) (6) because if there were a determination of a question of right between the parties here it did not include "directing an account to be stated on the principle of such determination." In *Merlands Club*, 238 Md. 359, the Court was obliged to dismiss an appeal by a defendant in an ejectment action since it was from a judgment nisi and not from a judgment absolute. In an attempt to avoid the consequences of the final judgment rule the parties invoked the predecessor of the present (a), Code (1957, 1964 Cum. Supp.) Art. 5, § 1A, originally enacted by Acts of 1962, Chapter 36, § 5. Judge Barnes quoted there for the Court from the explanatory note to Rule 532 which states:

This Rule is intended to supersede article 16, § 129, now repealed, which was applicable to equity actions only. The Committee thought that the Rule should be made generally applicable to actions both at law and in equity so that a law court would, for example, be permitted in a proper case to pass a charging order with respect to property which was the subject of the litigation, as e.g., to charge the rents issuing out of property involved in an ejectment or replevin action. The equity courts have heretofore had this power under the statutory source. See also Committee note following Rule 572.

The former Code (1957) Art. 16, § 129 provided:

> The court may, at any stage of any cause or matter concerning property, real or personal, on application, or of its own motion, pass such order as to it may seem fit, with regard to the possession of the same, pendente lite, or the receipt of the income thereof, on such terms preliminary thereto (as to security, etc.,) as to it may seem just, subject to the same right to move for its discharge, and the same right of appeal as is given in § 90.

Rule 532 permits a court at any stage of an action to "pass such order with regard to the possession of property with which the action is concerned or with reference to the receipt of or charging of the income, interest or dividends therefrom for any purpose, on such terms and conditions, as justice may require." It was pointed out in *Merlands Club* that the language of Art. 5, § 1A and Rule 532 were "in identical terms." The Court said, "This explanatory note indicates the type of interlocutory order intended to be covered." *Id.* 238 Md. at 364. The ejectment judgment nisi was held not to be an interlocutory order within the provision of the statute.

Had the order here ousted Mrs. Lewis pendente lite from the possession of the home she was then occupying in Montgomery County, we would have an example of "[a]n order entered with regard to the possession of property with which the action is concerned . . . ." Such is not the case. The issue Mrs. Lewis wants us to decide is whether the chancellor was correct in determining that the Circuit Court for Montgomery County was without jurisdiction under our statute by virtue of the Texas decree to determine whether Mr. Lewis' military retirement pay is a part of the marital estate. This order in no way can be said to be one "entered with regard to the possession of property . . . ." It simply fails to come within the statute authorizing an interlocutory appeal.

It follows from what we have said that the appeal here must be dismissed. We point out, however, that this does not preclude an ultimate determination of the validity of Mrs.

Lewis' contentions since Rule 887, applicable to this Court, and Rule 1087, applicable to the Court of Special Appeals, provide in identical terms that on an appeal from a final judgment every interlocutory order which previously has been entered in the action shall be open to review by the appropriate appellate court unless an appeal previously has been taken from such interlocutory order and has been decided on the merits.

*Appeal dismissed; appellant to pay the costs.*