SHERROD EAST ET AL. v. CHARLES W.
GILCHRIST ET AL.

[No. 134, September Term, 1981.]

*Decided May 20, 1982.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*William J. Chen, Jr.,* with whom were *Chen, Walsh & Tecler,* on the brief, for appellants.

*Albert D. Brault* and *Nathan J. Greenbaum, Assistant County Attorney,* with whom were *J. Gregory Boyland, Paul A. McGuckian, County Attorney* and *Robert G. Tobin, Jr., Deputy County Attorney,* on the brief, for appellees.

*Amicus curiae* brief of The Mayor and Council of Laytonsville filed. *David MacDonald* on the brief.

*Amicus curia* brief of Mount Zion Citizens Association filed. *Daniel J. Cassidy* on the brief.

ELDRIDGE, J., delivered the opinion of the Court. DAVIDSON, J., dissents and filed a dissenting opinion at page 462 *infra.*

The petitioners in this case seek review of an interlocutory ruling by the Circuit Court for Montgomery County, which was purportedly entered as a final judgment pursuant to Maryland Rule 605 a, and from which an immediate appeal was taken. This ruling declared invalid a section of the Montgomery County Charter which forbids the county from expending funds to operate landfill refuse disposal systems located on residentially zoned land. In spite of the obvious importance of this question, we are forced to dismiss the appeal because the matter is not properly before us.

The relevant procedural background is as follows. Pursuant to directives issued by the State Department of Health and Mental Hygiene in December 1977, Montgomery County began to plan for the development of a sanitary landfill. A site for the facility was identified one mile southeast of the town of Laytonsville in an area zoned R-2 residential, single family dwellings, and the county submitted various permit applications to the State.

Meanwhile, residents of Montgomery County initiated a proposed charter amendment which was placed on the ballot at the November 1978 general election. County voters

approved the amendment, which became Art. 3, § 311A, of the county charter. Section 311A states:

> "§ 311A. Limitations on Expenditures for Landfills in Residential Zones
>
> No expenditure of County Funds shall be made or authorized for the operation of a landfill system of refuse disposal on land zoned for residential use." [1]

The county apparently continued to proceed with its development of the Laytonsville site in spite of § 311A, and actual construction work has apparently taken place.

This case was commenced in the Circuit Court for Montgomery County in January 1981 as a class action by a member of the House of Delegates from Montgomery County and five Montgomery County taxpayers who alleged that they owned property adjacent to or in the immediate vicinity of the landfill site. Numerous current and former county officials, as well as the county itself, were named as defendants. The plaintiffs sought a declaratory judgment that § 311A is valid and that the defendants had violated the section. In addition, the plaintiffs sought writs of mandamus and injunctions to require that the defendants comply with § 311A. Apart from the prayers for relief based upon § 311A, the plaintiffs also alleged that the defendants' actions in connection with the landfill violated other provisions of state law, and they requested declaratory, mandamus and injunctive relief based upon the other alleged violations. Finally, the plaintiffs sought a judgment compelling the defendants to pay Montgomery County $20 million as "reimbursement" for "tax dollars wrongfully and illegally appropriated and expended" and a judgment for the plaintiffs for $1 million for personal injuries, inconvenience and diminution of property values. The prayers for monetary relief were apparently based upon the violation of § 311A as well as the alleged violations of state law.

---

1. Curiously, § 311A has never been included in the official publication of the county charter and code. *See* Montgomery County Code (1972, 1977 Repl. Vol. and 1980 Cum. Supp.).

More than four months after commencement of the plaintiffs' action, the defendants filed a "counterclaim" in which they also sought a declaratory judgment concerning the validity of § 311A, arguing that the section is invalid because, *inter alia,* "it is an unlawful attempt to usurp powers reposed solely in the Montgomery County Executive and Council [and] is an unlawful attempt to legislate by referendum." Defendants also moved for "a separate trial on the issue of law created by the counterclaim," and the plaintiffs agreed to this procedure. The trial court granted this motion; memoranda were filed; and arguments were heard.

On July 29, 1981, the trial court filed a declaratory judgment which began by reciting that "[t]his matter is before the Court on defendants' counterclaim for declaratory judgment raising the issue of the validity of § 311A, a citizen initiated amendment to the Montgomery County Charter." The court went on to declare that § 311A was invalid in light of Art. XI-A of the Maryland Constitution and this Court's decision in *Cheeks v. Cedlair Corp.,* 287 Md. 595, 415 A.2d 255 (1980). The trial court also ruled that § 311A was invalid as a public local law which conflicted with a public general law, the Regional District Act, Maryland Code (1957, 1978 Repl. Vol.), Art. 66D, § 1-101 *et seq.* The circuit court concluded the declaratory judgment as follows:

> "ORDERED that pursuant to Rule 605 the declaratory judgment rendered herein be entered by the clerk as a final judgment upon the issue raised by the counterclaim herein, and it is further
>
> "ORDERED that the Court expressly determines pursuant to Rule 605 there is no just reason for delay." [2]

---

2. Maryland Rule 605 a states:

"Rule 605. Multiple Claims — Judgment Upon ... Gen'l.

   a. *When Entered — As to Part or All.*

   When more than one claim for relief is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and

The plaintiffs took an appeal from this "judgment" to the Court of Special Appeals, and, before any further proceedings occurred in that court, we granted the plaintiffs' petition for a writ of certiorari. At oral argument, we questioned, *sua sponte,* whether the case was properly before us.

As we have stated in the past, " '[t]he jurisdiction of this Court, and the Court of Special Appeals, is determined by constitutional provisions, statutory provisions and rules; jurisdiction cannot be conferred by consent of the parties.' Consequently, 'this Court will dismiss an appeal *sua sponte* when it notices that appellate jurisdiction is lacking.' " *Biro v. Schombert,* 285 Md. 290, 293, 402 A.2d 71 (1979), quoting *Eastgate Associates v. Apper,* 276 Md. 698, 700-701, 350 A.2d 661 (1976) and *Smith v. Taylor,* 285 Md. 143, 147, 400 A.2d 1130 (1979). *See* Rule 835 a 1.

In the case at bar, jurisdiction is purportedly based on the entry of a final judgment on one "claim" of several presented in the case, pursuant to Rule 605 a. In considering whether jurisdiction under this rule has been properly invoked, however, we must first determine whether that judgment actually disposes of an entire "claim for relief" as the rule requires. In several recent cases, this Court and the Court of Special Appeals have emphasized that under Rule 605 a, "a trial court is authorized to enter a final appealable judgment . . . only where there are multiple claims and the judgment disposes of at least one of those claims. An order which disposes of only a part of a single claim cannot be made final under Rule 605 a." *Biro v. Schombert, supra,* 285 Md. at 294. *See Lewis v. Lewis,* 290 Md. 175, 181, 428 A.2d 454 (1981); *Pappas v. Pappas,* 287 Md. 455, 464, 413 A.2d 549 (1980); *Diener Enterprises v. Miller,* 266 Md. 551, 554-556, 295 A.2d 470 (1972); *Harford Sands, Inc. v. Levitt & Sons,* 27 Md.App. 702, 343 A.2d 544, *cert. denied,* 276 Md. 744 (1975). The

---

upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

question thus is whether, in deciding the defendants' "counterclaim," and not passing on any of the plaintiffs' prayers for relief, the circuit court disposed of an entire "claim" within the meaning of Rule 605 a.

Both Maryland Rule 314 a, which authorizes the pleading of counterclaims, and Maryland Rule 605 a, are modeled upon provisions of the Federal Rules of Civil Procedure (Federal Rules 13 (b) and 54 (b)); consequently, with regard to both rules, this Court has treated the federal decisions construing and applying the comparable federal rules as especially persuasive. *Biro v. Schombert, supra,* 285 Md. at 295 (Rule 605 a); *Diener Enterprises v. Miller, supra,* 266 Md. at 554 (Rule 605 a); *Edmunds v. Lupton,* 253 Md. 93, 99, 252 A.2d 71 (1969) (Rule 314 a). Under the Maryland and federal cases, it is clear that the defendants' "counterclaim" did not constitute an entire "claim" under Maryland Rule 605 a.

A claim for purposes of Rule 605 a must at least be a complete cause of action; if two purportedly separate "claims" are actually the same cause of action, then only one claim is presented. *Biro v. Schombert, supra,* 285 Md. at 295; *Suitland Dev. v. Merchants Mort.,* 254 Md. 43, 54, 254 A.2d 359 (1969). Different legal theories for the same recovery, based on the same facts or transaction, do not create separate "claims" for purposes of the rule. *Biro,* at 295; *Diener Enterprises v. Miller, supra,* 266 Md. at 556-557. Moreover, where different items of damages or different remedies are sought for the same cause of action, multiple claims are not presented. *Biro,* at 295-297; *Harford Sands, Inc. v. Levitt & Sons, supra.* As the Supreme Court stated in *Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737, 743, n.4, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976), with regard to Federal Rule 54 (b):

> "It is sufficient to recognize that a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief."

In the instant case, all of the requests for relief based upon

the validity or invalidity of § 311A amounted to one "claim" for purposes of Rule 605 a. The defendants' alleged failure to comply with § 311A in connection with a single sanitary landfill constituted one set of operative facts. It is one cause of action. Declarations concerning the validity of § 311A and the defendants' violation of the provision, mandamus and injunctive relief based upon the alleged violation, and damages caused by the alleged violation, are all multiple remedies for the violation of one legal right. Under the principles set forth in the above-cited cases, the defendants' "counterclaim" and the plaintiffs' various requests for relief based on § 311A all constituted one claim.

In oral argument before us, however, the parties contended that because the defendants sought a decision on the validity of § 311A as a "counterclaim," and because the circuit court limited its decision to the "counterclaim," an entire claim was disposed of within the meaning of Rule 605 a. It was argued that when a defendant requests in a counterclaim relief which is identical to part of the relief sought by the plaintiff, namely a declaration concerning the validity of a legal provision, the "counterclaim" nevertheless is a separate claim for purposes of Rule 605 a; it is separate merely because it is denominated a "counterclaim."

There is, apparently, some divergency among the cases applying Federal Rule 54 (b) to bona fide counterclaims. Many cases take the position that when a counterclaim involves the same facts or the same cause of action as the plaintiff's claim, only a single claim for relief is presented for purposes of Rule 54 (b). *See Cinerama, Inc. v. Sweet Music, S.A.,* 482 F.2d 66 (2d Cir. 1973); *Western Geophysical Co. of Am., Inc. v. Bolt Associates, Inc.,* 463 F.2d 101 (2d Cir. 1972); *Carter v. Croswell,* 323 F.2d 696 (5th Cir. 1963); *Seaboard Machinery Corp. v. Seaboard Machinery Corp.,* 267 F.2d 178 (2d Cir. 1959); *Gaetano Marzotto & Figli, S.P.A. v. G. A. Vedovi & Co.,* 28 F.R.D. 320 (S.D. N.Y. 1961). *See also Allis-Chalmers Corp. v. Philadelphia Electric Co.,* 521 F.2d 360, 365-66 (3rd Cir. 1975); *Perma Research and Development Co. v. Singer Co.,* 410 F.2d 572, 575, n. 10 (2d Cir. 1969). However, a contrary view was taken in *Bendix*

*Aviation Corp. v. Glass,* 195 F.2d 267 (3rd Cir. 1952), where the court held that a complaint for specific performance of a contract and a counterclaim for damages arising out of the same transaction were distinct "claims" under Rule 54 (b).

The view that a complaint and counterclaim constitute all one claim if they involve the same facts or the same cause of action, would seem to be more in accord with the position taken by this Court in *Biro, Diener* and other cases. Nevertheless, none of these cases would support the contention that the defendants' "counterclaim" in the case at bar was a separate claim.

As Judge Friendly indicated for the Second Circuit in *Western Geophysical Co. of Am., Inc. v. Bolt Associates, Inc., supra,* 463 F.2d at 103, n. 2, regardless of the view taken concerning the certification of a counterclaim as a final judgment under Federal Rule 54 (b), "[t]he counterclaim must in fact be a counterclaim and not merely a defense to plaintiff's action."

In the present case, the defendants' "counterclaim" admittedly sought the same relief as the plaintiffs' first prayer for relief, which was a declaration concerning the validity of § 311A. Because the defendants asked that § 311A be declared invalid, the "counterclaim" was at best a defense or denial of the plaintiff's demand.[3] It was not a demand for different relief than that contained in the plaintiffs' request for a declaratory judgment. Under the cases, it is settled that a mere denial of a plaintiff's demand or of a plaintiff's claimed right, however denominated, is not a

---

3. It is noteworthy that, as the trial court agreed that § 311A was invalid, it was obliged to issue such a declaration under the plaintiffs' prayer for relief regardless of any responsive pleading by the defendants. Under our decisions, where a plaintiff seeks a declaratory judgment that a particular legal provision is valid (or invalid), and the court's conclusion regarding the validity of the provision is exactly opposite from the plaintiff's contention, nevertheless the court must, under the plaintiff's prayer for relief, issue a declaratory judgment setting forth the court's conclusion as to validity. Mauzy v. Hornbeck, 285 Md. 84, 87, 90-92, 400 A.2d 1091 (1979); Robert T. Foley Co. v. W.S.S.C., 283 Md. 140, 145, 154-155, 389 A.2d 350 (1978); Borders v. Board of Education, 259 Md. 256, 269 A.2d 570 (1970); Balto. Import Car v. Md. Port Auth., 258 Md. 335, 338-339, 265 A.2d 866 (1970).

counterclaim, and that a counterclaim must seek some type of different relief. *Riverside Memorial Mausoleum, Inc. v. UMET Trust,* 581 F.2d 62, 68 (3d Cir. 1978); *Ettelson v. Metropolitan Life Ins. Co.,* 164 F.2d 660, 663 (3d Cir. 1947); *Ettelson v. Metropolitan Life Ins. Co.,* 137 F.2d 62 (3d Cir.), *cert. denied,* 320 U.S. 777, 64 S.Ct. 92, 88 L.Ed. 469 (1943); *Flying Tiger Line, Inc. v. United States,* 170 F.Supp. 422, 425 (Ct. Clms. 1959); *Bell v. Nutmeg Airways Corporation,* 66 F.R.D. 1, 3, n. 1 (D.Conn. 1975). "The label 'counterclaim' on [a] pleading does not transform what is really an answer by [a] defendant into a claim against an opposing party." *Old Colony Insurance Company v. Lampert,* 129 F.Supp. 545, 550 (D.N.J.), *aff'd,* 227 F.2d 520 (3d Cir. 1955).

Acceptance of the parties' position in this case would allow a defendant to create an independent claim under Rule 605 a in virtually every case, merely by couching his answer as a "counterclaim" for a declaratory judgment. This could lead to a frustration of the long-established policy against piecemeal appeals.

Since the trial court did not dispose of an entire claim in this case, the appeal must be dismissed under Rule 605 a. However, if a subsequent appeal is taken from a final judgment in this case, and if a petition for a writ of certiorari is filed and granted, we shall, at the parties' option, permit the case to be heard upon the existing briefs.

*Appeal dismissed.*
*Costs to be divided equally.*

*Davidson, J., dissenting:*

The record here shows that the plaintiffs filed a class action seeking a declaratory judgment that § 311A of the Montgomery County Charter was valid. In addition, the plaintiffs sought, in pertinent part: 1) a declaratory judgment that the defendants had violated § 311A; 2) writs of mandamus and injunctions requiring the defendants to comply with § 311A; and 3) monetary damages resulting from the alleged violation of § 311A. The defendants filed a

"counterclaim" seeking a declaratory judgment that § 311A was invalid. The defendants moved for "a separate trial on the issue of law created by the counterclaim," and the plaintiffs agreed to this procedure. After granting the motion, the trial court declared that § 311A was invalid and ordered that the declaratory judgment be entered as a final judgment under Maryland Rule 605 a.

The majority here holds that this appeal must be dismissed under Rule 605 a because the trial court "did not dispose of an entire claim in this case." In essence, the majority holds that the trial court's declaratory judgment that § 311A was invalid did not constitute a final judgment because it did not expressly state that: 1) the defendants had not violated § 311A; 2) the requested writs of mandamus and injunctions requiring the defendants to comply with § 311A were denied; and 3) the requested monetary damages resulting from the alleged violation of § 311A were denied.

I agree with the majority that under Rule 605 a a trial court is authorized to enter a final judgment only when the judgment disposes of an entire claim. I further agree with the majority that the defendants' counterclaim and the plaintiffs' requests for relief, based on § 311A, constituted one claim. In my view, however, the trial court's judgment declaring that § 311A was invalid disposed of the entire claim relating to § 311A. Accordingly, I respectfully dissent.

Logic and common sense dictate that implicit in the trial court's determination that § 311A was invalid is the inevitable conclusion that there was no remediable violation of that section and, therefore, that the requested writs of mandamus and injunctions requiring the defendants to comply, as well as the requested monetary damages, were denied. In essence, by determining that § 311A was invalid, the trial court, of necessity, determined that the plaintiffs were not entitled to any relief.

The majority's interpretation of Rule 605 a is unsupported by Maryland precedent. The majority does not cite any case in which this Court has previously held that in order for a

judgment to be final under Rule 605 a it is necessary for the trial court to expressly state not only that the defendants win, but also that the plaintiffs lose.

In addition, the majority's interpretation of Rule 605 a is unsupported by policy considerations. Ordinarily, in a multiple claims action, an appeal may be filed only from a final judgment on all claims. The purpose of Rule 605 a is to permit some degree of flexibility with respect to the time when an appeal may be filed from a decision upon one or more but less than all of the claims in a multiple claims action. To achieve this purpose, Rule 605 a authorizes the trial court, in its discretion, to expedite an appeal upon one or more but less than all claims in a multiple claims action when necessary to avoid hardship or unfairness arising from the ordinary final judgment rule. *Lewis v. Lewis,* 290 Md. 175, 181, 428 A.2d 454, 457 (1981); *Lang v. Catterton,* 267 Md. 268, 276-77, 297 A.2d 735, 740 (1972); *Diener Enterprises, Inc. v. Miller,* 266 Md. 551, 554, 295 A.2d 470, 472 (1972).

Here the trial court appropriately exercised its discretion to expedite an appeal on the single claim relating to the validity of § 311A. To dismiss this appeal for the purpose of requiring the trial court to enter an order expressly stating that there was no remediable violation of § 311A and that the requested writs of mandamus, injunctions, and monetary damages were, therefore, denied results in unnecessary delay and expense.

I will not join with the majority in its archaic and arcane interpretation of Rule 605 a. Such an interpretation both defeats the rule's purpose and portends an atavistic return to the rigidity and harshness of common law pleading, practice, and procedure. Modern-day procedure, with its emphasis upon reduction in the time and cost of litigation, mandates a more sophisticated, yet more practical, approach.

In my view, under Rule 605 a, this Court has jurisdiction to determine this case. Accordingly, I would not dismiss the appeal.