221 F.3d 357 (2nd Cir. 2000)
 SCOTT HUMINSKI, PLAINTIFF-APPELLANT,
v.
RUTLAND CITY POLICE DEPARTMENT, RUTLAND COUNTY SHERIFF'S DEPARTMENT, R.J. ELRICK, DEPUTY SHERIFF, S. SCHUTT, DEPUTY SHERIFF, ROBERT EMERICK, OFFICER, BENNINGTON COUNTY SHERIFF'S DEPT., GARY FORREST, SHERIFF, AND RUTLAND, CITY OF, DEFENDANTS-APPELLEES,
RUTLAND, TOWN OF, UNNAMED MEMBERS RUTLAND COUNTY SHERIFF'S DEPARTMENT, UNNAMED RUTLAND POLICE OFFICER, STATE OF VERMONT, NANCY CORSONES, VERMONT DISTRICT COURT JUDGE, M. PATRICIA ZIMMERMAN, HON. JUDGE, KAREN PREDOM, VERMONT STATE POLICE, UNNAMED VERMONT STATE POLICE OFFICER, AND RUTLAND DISTRICT COURT, DEFENDANTS.
 No. 99-9329
August Term, 1999
 UNITED STATES COURT OF APPEALS,
SECOND CIRCUIT.
 Argued: June 13, 2000
Decided: July 20, 2000
 
 Appeal from an order of the United States District Court for the District of Vermont, J. Garvan Murtha, Chief Judge, dismissing pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c) plaintiff's claims under 42 U.S.C. §§ 1983, 1985, and 1986 against certain defendants for service of notices prohibiting him from trespassing on state defendants' property.
 Appeal dismissed for lack of appellate jurisdiction.
 Robert Corn-revere, Washington, D.C. (Ronald Collins, Ronald G. London, Allison B. Leader, Hogan & Hartson, Washington, D.C., on the brief), for Plaintiff- Appellant.
 Kevin J. Coyle, Burlington, Vermont (Nancy Goss Sheahan, McNeil, Leddy & Sheahan, Burlington, Vermont, on the brief), for Defendants- Appellees City of Rutland, Rutland City Police Department, and Emerick.
 Douglas D. LeBRUN, Burlington, Vermont (Pietro J. Lynn, Heather E. Thomas, Dinse, Knapp & McAndrew, Burlington, Vermont, on the brief), for Defendants- Appellees Rutland County Sheriff's Department, Bennington County Sheriff's Department, Elrick, Schutt, and Forrest.
 The Thomas Jefferson Center For The Protection OF Free Expression, Charlottesville, Virginia (j. Joshua Wheeler, Robert M. O'Neil, Charlottesville, Virginia, of counsel), filed a brief for Amicus Curiae The Thomas Jefferson Center for the Protection of Free Expression.
 Before: Kearse, Sack, and Sotomayor, Circuit Judges.
 
 Per Curiam
 
 1
 Plaintiff Scott Huminski appeals from an interlocutory order of the United States District Court for the District of Vermont, J. Garvan Murtha, Chief Judge, dismissing his claims under 42 U.S.C. §§ 1983, 1985, and 1986 (1994) against defendants Rutland County Sheriff's Department, Bennington County Sheriff's Department, Sheriff Gary Forrest, and Deputy Sheriffs R.J. Elrick and S. Schutt (collectively the "County defendants") and against defendants City of Rutland, Rutland City Police Department, and Officer Robert Emerick (collectively the "City defendants"). In his complaint, Huminski alleges that, on May 24, 1999, in the parking lot of the Rutland District Court, he displayed from his van large posters criticizing defendant Nancy Corsones, a Vermont State judge; that Rutland County and courthouse personnel approached the van and instructed him to remove the signs from the van or remove the van from the property; that Huminski refused to do so on the ground that his right to express his views was protected by the state and federal Constitutions; and that the City and County defendants subsequently served him with notices against trespass ("trespass warning notices") threatening him with arrest if he thereafter entered upon the property of any state court in Vermont or the property of Judge Corsones.
 
 
 2
 The district court, ruling that the complaint failed to state a claim on which relief can be granted against the above defendants, dismissed the claims against the County defendants pursuant to Fed. R. Civ. P. 12(b)(6) and granted judgment on the pleadings in favor of the City defendants pursuant to Fed. R. Civ. P. 12(c). Claims asserted by Huminski against defendants State of Vermont (the "State"), four state employees, Vermont State Police, and Rutland District Court (collectively the "State defendants") remain pending. Huminski has appealed, contending that the dismissals of his claims against the City and County defendants were error. For the reasons that follow, we dismiss the appeal for lack of appellate jurisdiction.
 
 
 3
 An order that adjudicates fewer than all of the claims remaining in the action or adjudicates the rights and liabilities of fewer than all of the parties is not a final order that would be appealable pursuant to 28 U.S.C. § 1291, unless the court directs the entry of a final judgment as to the dismissed claims or parties "upon an express determination that there is no just reason for delay," Fed. R. Civ. P. 54(b). In the present case, Huminski's claims against the State defendants have not been dismissed and remain pending. The district court refused to certify its dismissals of the City and County defendants as partial final judgments pursuant to Rule 54(b). Accordingly, the orders of dismissal of which Huminski seeks review are not now appealable pursuant to § 1291. Huminski contends that those orders are, however, appealable pursuant to 28 U.S.C. § 1292(a)(1), which allows interlocutory appeals from orders that, inter alia, deny injunctions; he argues that because his complaint sought preliminary and permanent injunctive relief against the City defendants and the County defendants, the dismissals of those claims denied him injunctive relief and are immediately appealable. For the reasons that follow, we disagree.
 
 
 4
 In Cuomo v. Barr, 7 F.3d 17 (2d Cir. 1993), we considered an appeal by plaintiffs New York State officials ("New York") from the district court's granting of partial summary judgment in favor of the defendants, dismissing some of New York's claims but not others. New York filed a notice of appeal while its remaining claims were pending, contending that because the dismissed claims had sought injunctive relief, an immediate appeal was authorized by 28 U.S.C. § 1292(a). We disagreed and dismissed for lack of appellate jurisdiction, stating in part as follows:
 
 
 5
 Where the denial of a permanent injunction is the result of a grant of partial summary judgment and there is no final judgment, we lack appellate jurisdiction unless the denial order "might have a serious, perhaps irreparable, consequence," and it "can be effectually challenged only by immediate appeal." Carson v. American Brands, Inc., 450 U.S. 79, 84, 101 S.Ct. 993, 996, 67 L.Ed.2d 59 (1981) [internal quotation marks and citations omitted]; see also Chappell & Co. v. Frankel, 367 F.2d 197, 203-04 (2d Cir. 1966) (in banc). Without a showing of serious consequences and the lack of an effective appeal, the policy against piecemeal appellate review embodied in the final judgment rule must prevail over the narrowly tailored exception of 28 U.S.C. § 1292(a)(1). Western Geophysical Co. of Am., Inc. v. Bolt Assocs., Inc., 463 F.2d 101, 104 (2d Cir.), cert. denied, 409 U.S. 1040, 93 S.Ct. 523, 34 L.Ed.2d 489 (1972).
 
 
 6
 Cuomo v. Barr, 7 F.3d at 19. The § 1292(a)(1) exception allowing immediate appeals of orders dealing with motions regarding injunctions is designed to deal with circumstances of some urgency, in which the moving party is said to be threatened with imminent irreparable injury unless injunctive relief is granted. See, e.g., Cuomo v. Barr, 7 F.3d at 19; Reuters Ltd. v. United Press International, Inc., 903 F.2d 904, 907 (2d Cir. 1990) (moving party must show that the injury it will suffer is likely and imminent and not remote). In Cuomo v. Barr, we noted that New York had not made any effort in the district court to obtain a preliminary injunction or to obtain expedited resolution of its claims:
 
 
 7
 New York's conduct and litigating positions also belie the urgent need for interlocutory review that it asserts. First, New York waited fifty-seven days to appeal from [the district court's] order granting [the defendants] partial summary judgment, three days short of the Fed.R.App.P. 4(a)(1) deadline. Second, New York did not seek and still has not sought a preliminary injunction under Fed.R.Civ.P. 65(a). Although failure to seek preliminary injunctive relief below is not a per se bar to an appeal under Section 1292(a)(1), Volvo N. Am. Corp. v. Men's Int'l Professional Tennis Council, 839 F.2d 69, 75 (2d Cir.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2872, 101 L.Ed.2d 908 (1988), that failure must be taken into account in assessing any claim of a "serious, perhaps irreparable, consequence" from the denial of injunctive relief. Third, New York did not move in the district court for a separate final judgment, pursuant to Fed.R.Civ.P. 54(b), as to those claims on which the district court granted summary judgment. Fourth, New York did not seek certification for an interlocutory appeal under 28 U.S.C. § 1292(b), pursuant to Fed.R.App.P. 5, and the time has now passed for such a request, Fed.R.App.P. 5(a). Finally, New York sought neither an expedited trial nor expedited review in this court.
 
 
 8
 Cuomo v. Barr, 7 F.3d at 19-20. We concluded that New York in that case
 
 
 9
 ha[d] not made a persuasive showing of "serious, perhaps irreparable, consequences" "which will result from a failure to exercise appellate jurisdiction at this juncture, [or] which is likely to render ineffectual any relief that might result from an appeal from a final judgment in the litigation pending below." Volvo N. Am. Corp., 839 F.2d at 76, Cuomo v. Barr, 7 F.3d at 20, and we therefore dismissed the appeal.
 
 
 10
 Although the present case differs from Cuomo in that Cuomo did not involve First Amendment rights, the deprivation of which may constitute irreparable injury, see, e.g., Bery v. City of New York, 97 F.3d 689, 693 (2d Cir. 1996) ("[v]iolations of First Amendment rights are commonly considered irreparable injuries"); LeBlanc-Sternberg v. Fletcher, 67 F.3d 412, 426 (2d Cir. 1995)("the loss of First Amendment freedoms, even for minimal periods of time, constitutes irreparable injury") (citing Elrod v. Burns, 427 U.S. 347, 373 (l976) (plurality opinion)); but see Charette v. Town of Oyster Bay, 159 F.3d 749, 757 (2d Cir. 1998)(a plaintiff's lack of industry in seeking to achieve his First Amendment goals may impede his gaining a preliminary injunction, by casting doubt on his claim of imminent irreparable harm), the appeal does not meet "the narrowly tailored exception of 28 U.S.C. § 1292(a)(1)," Cuomo v. Barr, 7 F.3d at 19, for immediate appealability of the dismissals of the City and County defendants. Although irreparable injury would have been presumable on a motion for a preliminary injunction had Huminski made such a motion in the district court, the nature and pace of Huminski's pursuit of his claims--in both the district court and this Court--does not bespeak urgency. First, the record in the present case, which was commenced by Huminski pro se on June 1, 1999, indicates that Huminski either did not move for or did not pursue a preliminary injunction. The docket entries do not show that Huminski moved for a preliminary injunction, though they do show that he sought a "Temporary Restraining Order" on June 3. That motion was denied by order entered on June 23, 1999. If that motion was for a typical TRO, its denial was not appealable, see, e.g., United States v. Miller, 14 F.3d 761, 764 (2d Cir. 1994) ("There is of course no right to appeal the denial of a temporary restraining order under § 1292(a)(1), unless the TRO meets the narrow requirements for being treated as a preliminary injunction."), but he could still have moved for a preliminary injunction. If Huminski's request for a TRO met the requirements for treatment as a preliminary injunction, its denial was immediately appealable. But Huminski did not appeal, and the time within which such an appeal could have been taken expired in July 1999.
 
 
 11
 Second, with respect to the court's orders dismissing the claims against the City and County defendants, we see no indication that Huminski moved for a certification of those dismissals pursuant to 28 U.S.C. § 1292(b) in an effort to seek an immediate appeal. And although there was a motion in the district court for entry of a partial final judgment pursuant to Fed. R. Civ. P. 54(b) (which would have permitted an immediate appeal by Huminski under 28 U.S.C. § 1291), that motion was made by the City defendants, not by Huminski, and we see no indication that Huminski either joined in that motion or otherwise urged the district court to enter such a judgment. Third, instead of seeking certification under Rule 54(b) or § 1292(b) in order to pursue an immediate appeal after the court issued its orders dismissing the claims against the City and County defendants, Huminski moved, unsuccessfully, for a without-prejudice dismissal of his case. Had Huminski's motion been granted, an appeal would have been foreclosed. Fourth, Huminski made no effort in this Court to expedite this appeal. Thus, oral argument was held nearly eight months after the appeal was filed--and just short of a year after the denial of his request for a TRO.
 
 
 12
 In addition, there appears to be little reason to fear serious consequences for Huminski's First Amendment rights in the absence of an immediate appeal from the dismissals of the City and County defendants, given that his claims against the State defendants, which appear to be more central to the rights he seeks to exercise, remain pending. Although the trespass warning notices of which Huminski complains were served on him by City and County law enforcement officials, the record suggests (a) that those notices were issued by State judges and the manager of the Rutland District Court, which is a State court; (b) that the notices were issued pursuant to a state statute, see Vt. Stat. Ann. tit. 13, § 3705(a)(1) (1998) (authorizing a fine or imprisonment for any person who "enters or remains on any land or in any place as to which notice against trespass is given by . . . [a]ctual communication by the person in lawful possession or his agent or by a law enforcement officer acting on behalf of such person or his agent"); and (c) that the notices barred Huminski only from properties owned by State defendants. The complaint does not allege that Huminski was barred from any property owned or controlled by the City or the County.
 
 
 13
 Given these factors, as well as the possible availability to individual City and County defendants of qualified immunity for serving notices issued by State judicial officials, it would appear that Huminski's strongest claims, leaving aside such questions as Eleventh Amendment immunity, may be against the State defendants rather than the City or County defendants. Since nothing in the dismissals of the City and County defendants forecloses Huminski from moving in the district court for a preliminary injunction prohibiting the State defendants from barring him from State property, we cannot conclude that the present "interlocutory order . . . might have a serious, perhaps irreparable, consequence" or that the alleged restriction on Huminski's ability to exercise his First Amendment rights on State property "can be effectually challenged only by immediate appeal," Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981) (internal quotation marks omitted), from the dismissals of the City and County defendants.
 
 
 14
 We have considered all of Huminski's contentions in support of the immediate appealability of the interlocutory orders dismissing his claims against the City and County defendants and have found them to be without merit. The appeal is dismissed for lack of appellate jurisdiction.