556 A.2d 292

McCORMICK CONSTRUCTION COMPANY, INC.

v.

9690 DEERCO ROAD LIMITED PARTNERSHIP.

No. 1400, Sept. Term, 1988.

Court of Special Appeals of Maryland.

April 6, 1989.

Thomas C. Beach, III (Robert M. Wright and Whiteford, Taylor & Preston, on the brief), Baltimore, for appellant.

Robert J. Proutt (Anne T. Kelly and Rosenberg, Proutt, Funk & Greenberg, on the brief), Baltimore, for appellee.

Argued before ROSALYN B. BELL and WENNER, JJ., and JAMES S. GETTY, Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

JAMES S. GETTY, Judge, Specially Assigned.

This is an appeal by McCormick Construction Company from an order by the Circuit Court for Baltimore County staying a mechanic's lien action filed by McCormick against Deerco Road Limited Partnership pending arbitration of the disputes between the parties.

The facts giving rise to this appeal are not controverted. McCormick claims that it was entitled to establish probable cause and obtain an interlocutory mechanic's lien before the matter was submitted to arbitration for resolution of the merits of its claim. Deerco alleges that the trial court correctly refused to take any action after being advised of the arbitration clause in the contract between the parties. McCormick's purpose in obtaining a preliminary lien is to establish its priority among lien creditors.

McCormick entered into a Construction Agreement with Riparius Development Corporation, general partner of Deerco, for the erection of a single level parking deck in Timonium. Four of twelve requisitions for payment, according to McCormick, remain unpaid with the balance due for materials and services furnished totaling $347,141.00. Deerco contests the amount of the indebtedness claimed and alleges instances of faulty and defective construction.

The case came before the Circuit Court for Baltimore County on October 6, 1988, and the court heard oral argument and concluded that it had no discretion to continue once a petition to arbitrate was filed and, accordingly, the court stayed McCormick's petition to establish a mechanic's lien, retained jurisdiction and ordered arbitration.

The contract between the parties contained the following arbitration clause:

All claims, controversies or disputes between the Owner and the Builder arising out of, in connection with or relating to this Agreement, or the breach thereof, or the rights and obligations of the parties hereunder shall be settled and determined by arbitration in Baltimore County, Maryland, and conducted under and in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then in effect. This agreement to arbitrate shall be enforceable under applicable law. The costs and expenses of the arbitration shall be borne as determined in the arbitration, the arbitration award shall be final and a judgment may be entered thereon by any court having jurisdiction.

We are confronted by two issues. They are:

1. Did the trial court err in staying the mechanic's lien case due to the arbitration clause without first allowing McCormick to present evidence and establish probable cause for the entry of an interlocutory lien?

2. Is the granting of Deerco's motion to compel arbitration a final appealable order?

■ We shall address the issues in reverse order. Generally, Maryland law does not permit appeals unless and until the trial court has rendered a final judgment. Md.Cts. & Jud.Proc.Code Ann., § 12–301. Notwithstanding the general rule, section 12–303 of the Courts Article allows appeals from certain interlocutory orders. McCormick, asserts that its right to appeal is within the ambit of Courts Article, § 12–303(a) authorizing an appeal of:

(a) An order entered with regard to the possession of property with which the action is concerned or with reference to the receipt or charging of the income, interest, or dividends therefrom, or the refusal to modify, dissolve or discharge such an order.

McCormick would have us construe "possession of property" as including a petition to establish a mechanic's lien since the right of possession is ultimately determined at the time of foreclosure. We disagree.

■ Whether § 12–303(a) has been the subject of earlier interpretation has not been brought to our attention by either party herein. We think the legislative intent in enacting the section was to permit an appeal of an interlocutory order where a controversy exists over the right to possession of property or the benefits generated therefrom during the pendency of the litigation. Clearly, McCormick has no present right to possession and whether any such right may ultimately exist is purely speculative. The fact that after foreclosure of a mechanic's lien someone will eventually possess the property does not supply a predicate for allowing an appeal of an interlocutory order "entered with regard to the possession of property with which the action is concerned." The trial court's order, staying the proceedings pending the outcome of arbitration, simply does not address any issue of possession.

Generally speaking, only those interlocutory orders specified in § 12–303 are immediately appealable. *Cant v. Bartlett*, 292 Md. 611, 440 A.2d 388 (1982). The Court of Appeals has seen fit to expand the General Assembly's list by two: (1) a denial of a motion to dismiss on the basis of double jeopardy, and (2) an order which exceeds the jurisdiction of the court. We note that the General Assembly's laundry list of appealable interlocutory orders includes a situation where a trial court grants a petition to stay arbitration pursuant to § 3–208 of the Courts Article. Apparently, the Legislature considered the right to appeal from interlocutory orders in the arbitration context and concluded that only a stay of arbitration should be included.

We hold that McCormick has not established a right to appeal under § 12–303 of the Courts Article and, furthermore, the trial court has not entered a final judgment from which an appeal would lie. An appealable judgment is one that "must be so final as to determine and conclude rights involved, or deny the appellant means of further prosecuting his rights and interest in the subject matter of the proceeding." *Fred W. Allnutt, Inc. v. Commissioner of Labor & Industry,* 289 Md. 35, 421 A.2d 1360 (1980); *Brooks v. Ford Motor Credit Co.,* 261 Md. 278, 274 A.2d 345 (1971); *Nu–Car Carriers, Inc. v. Everett,* 33 Md.App. 310, 364 A.2d 71 (1976).

McCormick's right to establish a mechanic's lien has not been denied or impaired by the staying of the court case. The court, being advised that the contract required arbitration, stayed the proceedings, retained jurisdiction, and granted the motion to arbitrate. The court order settled nothing; neither did it conclude any rights or deny any party the means of proceeding further. Not being a final order, it was not appealable. *See, Eisel v. Howell,* 220 Md. 584, 155 A.2d 509 (1959); *Frederick Contractors, Inc. v. Bel Pre Medical Center, Inc.,* 274 Md. 307, 334 A.2d 526 (1975) (holding that Bel Pre's demand for arbitration should have had the effect of staying a foreclosure of a mechanic's lien until an award is returned by the arbitrators). McCormick may still return to the circuit court for further relief after the amount owed by Deerco is determined by arbitration.

We do not suggest that a court order referring a case to an arbitrator may never be the subject of an immediate appeal. The Court of Appeals recognized the right to appeal from orders involving arbitration issues in *Litton Bionetics v. Glen Construction Company, Inc.,* 292 Md. 34, 437 A.2d 208 (1981). The Court held that the refusal of the circuit court to consolidate two arbitration proceedings involving the same construction project was a final appealable order, because the denial of the consolidation motion completely terminated the proceedings in the circuit court.

In the present case, however, the proceedings were stayed; jurisdiction remained in the court to take further action following the arbitration award. Presumably, that action would include foreclosure of the lien obtained through the arbitration process.

█ McCormick's second issue asserts that the contractor's right to a mechanic's lien is severable from the right to arbitrate disputes existing between them as to the amount due to the contractor. Although we have determined that McCormick has no appealable final order, a brief discussion of the precise issue raised may provide some guidance to the parties in concluding this case.

McCormick makes a scholarly argument that the Uniform Arbitration Act should be construed consistently with the Mechanic's Lien Statute by allowing one seeking to establish a lien to secure his priority status as a mechanic's lien claimant through the interlocutory lien stage, leaving to the arbitration panel the resolution of disputes subject to arbitration.

The trial judge, McCormick contends, should not have decided that he lacked discretion to continue with the show cause hearing relating to the mechanic's lien when Deerco alleged that the contract was subject to arbitration. What the court should have done, McCormick states, was to permit McCormick to show probable cause for the issuance of the lien and, upon such showing, enter an interlocutory order establishing the lien, and assign a trial date to resolve the other matters at issue. McCormick's argument is based upon Md. Real Prop.Code Ann., § 9–106(b)(3) (1988 Repl. Vol.), to wit:

(b) *Final Order; Interlocutory Order.*

(3) If the court determines from the pleadings, affidavits and admissions on file, and the evidence, if any, that the lien should not attach, or should not attach in the amount claimed, as a matter of law, by any final order, but that there is probable cause to believe the petitioner

is entitled to a lien, the court shall enter an interlocutory order which:

(i) Establishes the lien; ...

(vi) Assigns a date for the trial of all the matters at issue....

The precise procedure set forth above may have occurred if the court had decided that a lien was appropriate but a final order was not, *and* if McCormick had not prepared and included an arbitration clause in the contract with the owner. The court's authority where a petition for arbitration is filed is set forth in Courts & Judicial Proceedings, § 3–209:

(a) *Conditions for stay.*—A court shall stay any action or proceeding involving an issue subject to arbitration if:

(1) A petition for order to arbitrate has been filed; or

(2) An order for arbitration has been made.

(b) *Severability of issue.*—If the issue subject to arbitration is severable, the court may order the stay with respect to this issue only.

The right to continue in the circuit court, therefore, was foreclosed.

McCormick insists further that the procedural mechanisms of the mechanic's lien law are not a proper subject of arbitration. Under § 9–105 of Md. Real Property Code Ann., a claim is established by a person entitled to a lien by filing a petition, in the circuit court where the land is located, within 180 days after the work is completed. The petition shall include the names and addresses of the parties; the nature of the work done or materials furnished and the sum claimed; a description of the property; and an affidavit setting forth facts which constitute the basis of the claim. This is the only procedure required of a contractor to preserve his rights under the mechanic's lien law. The next step, § 9–106, involves a review of the petition by the court and the issuance of a show cause order directing the owner to show cause within fifteen days why the lien should not issue. A hearing is then set to review the

pleadings, affidavits and the evidence to determine whether a lien, final or interlocutory, should issue.

We have no quarrel with McCormick's claim that the procedural requirements are not subject to arbitration. What is subject to arbitration, however, is whether McCormick is entitled to recover and, if so, in what amount. Any determination of probable cause by the trial court under § 9–106(b)(3) would require the court to examine the very evidence that the parties agreed to submit to arbitration. Rather than an alternative procedure to resolve disputes, we would then have duplication, first the trial court decides if a lien should issue then the arbitrator reviews the same evidence.

McCormick's real complaint is not that its right to establish a mechanic's lien is foreclosed, but that its priority among creditors may be jeopardized if it must await a final judgment after arbitration before it can foreclose its lien. Its ranking among creditors would date from the date of judgment not from the date of filing. The statute establishing mechanic's lien procedure makes no mention of priority among creditors and the relief McCormick seeks can come from one of several sources, namely:

1. The General Assembly may amend the Mechanics Lien Statue or the Uniform Arbitration Statute or

2. The contract calling for arbitration may provide that a showing of probable cause for the issuance of an interlocutory lien shall be made by the court prior to submitting the remaining disputes to arbitration.

We cannot graft conditions onto either statute; neither can we rewrite the contract between the parties. In short, while McCormick's argument has merit, the relief it seeks should be addressed to the General Assembly rather than the courts.

Both parties have cited the case of *Frederick Contractors, supra.* In that case the contractor was attempting to foreclose a lien at the time the owner filed a motion to strike the proceedings because of an arbitration clause in

the contract. The Court of Appeals held that the demand for arbitration should have resulted in a stay of the proceedings until an award was returned by the arbitrator after which time foreclosure would be appropriate.[1] The Court of Appeals harmonized the mechanic's lien and arbitration statutes, stating that the arbitration provision triggered a stay of the mechanic's lien action, but protected the contractor by retaining jurisdiction, after the arbitration award, to resolve the issues still pending.

The General Assembly responded to the holding in *Barry Properties* by adopting § 9–106(b) of the Real Property Article. That section, as we have stated earlier, authorizes, but does not compel, the issuance of an interlocutory order establishing a lien upon a showing of probable cause that a lien should issue. Absent a requirement to arbitrate disputes arising as to any breach of the agreement, section (b) would operate without delay. With arbitration, the court cannot continue, for the reason that a finding of probable cause to establish a lien entails consideration of the merits which the parties have agreed is arbitrable. McCormick cannot have it both ways.

Arbitration agreements are valid, enforceable and irrevocable, except for grounds that exist to revoke contracts. Md.Cts. & Jud.Proc.Code Ann., § 3–206. If a court determines that an agreement to arbitrate exits, "it shall order arbitration." § 3–207. A court shall stay any action involving an issue subject to arbitration if a petition to arbitrate has been filed. Whether the trial judge correctly concluded that he had no discretion to proceed in light of the use of the words "shall stay" in § 3–209 we need not address. He correctly concluded that he had no authority to resolve any

---

1. Under the statute then in effect, a lien attaches to the property as soon as work is performed or materials furnished and lasts for 180 days after completion. This provision was found unconstitutional as a prejudgment seizure of property without notice in violation of the due process clauses of the Fourteenth Amendment and Article 23. *See, Barry Properties v. Fick Bros.*, 277 Md. 15, 353 A.2d 222 (1976).

dispute over the existence of a lien for services rendered or materials furnished and whether payment was due therefor.

As we said in *Stauffer Construction v. Board of Education of Montgomery County*, 54 Md.App. 658, 665, 460 A.2d 609 (1983):

These statutory pronouncements appear to be simple and direct: in an action to compel or to stay arbitration, the court should consider but one thing—is there in existence an agreement to arbitrate the dispute sought to be arbitrated?

APPEAL DISMISSED. COSTS TO BE PAID BY APPELLANT.