814 A.2d 116

**RUSTIC RIDGE, L.L.C.**

v.

**WASHINGTON HOMES, INC.**

No. 2414, Sept. Term, 2001.

Court of Special Appeals of Maryland.

Dec. 26, 2002.

90

Roy I. Niedermayer, Bethesda, for appellant.

Jennifer Ryan Lazenby (Judith C. Ensor and Whiteford, Taylor & Preston LLP on the brief), Towson, for appellee.

Argued Before SONNER, GREENE and MARVIN H. SMITH (Retired, Specially Assigned), JJ.

MARVIN H. SMITH, Judge, Retired, Specially Assigned.

This appeal involves a dispute between two developers as to which one is entitled to a nearly 90–acre parcel of land in Prince George's County.

Washington Homes, Inc. ("Washington Homes") filed suit against Rustic Ridge, L.L.C. ("Rustic Ridge") and its managing member, John Dixon, in the Circuit Court for Prince George's County. The first count of the complaint sought a declaratory judgment that Washington Homes was "the proper and rightful owner" of the land. The second count sought compensatory and punitive damages against Rustic Ridge and Dixon for slander of title. Washington Homes moved for partial summary judgment on the declaratory judgment count, and the court granted the motion over Rustic Ridge's objection. The court declared that Washington Homes was "the proper and rightful owner."

Rustic Ridge then filed this appeal. It argues, in essence, that:

I. The trial court erred by ruling on the motion for partial summary judgment despite Rustic Ridge's request that it be permitted to complete discovery first,

II. The trial court erred by granting partial summary judgment in that the record disclosed genuine disputes as to material facts, and

III.   The trial court erred by denying Rustic Ridge's motion to reconsider and vacate the partial summary judgment.

For the reasons that follow, we conclude that Rustic Ridge's appeal is from an unappealable interlocutory order. Therefore, we shall dismiss the appeal.[1]

## FACTS

The land in question was owned collectively by 13 individuals to whom we shall refer herein as "the sellers."   On July 14, 2000, the sellers entered into an "Agreement of Sale" with Rustic Ridge.   The agreement indicated that the land consisted of 147 lots for single-family homes, and that Rustic Ridge was to pay the sellers $19,500.00 for each lot.

The agreement specified that the sellers had given a right of first refusal to Washington Homes.   The agreement stated:

Seller hereby notifies Buyer that after Buyer executes this Agreement to purchase the Property, Seller is required to offer the Property to a third-party entity, for a period of fifteen (15) days after Seller's receipt of the signed Agreement, which has a first right of refusal to purchase the Property upon the same terms and conditions set forth herein (the "Refusal Right").   In the event the third-party entity having the Refusal Right does not notify Seller that it will execute a contract of sale upon the same terms and conditions within the aforesaid fifteen (15) day period, Seller shall notify Buyer, in writing, of the failure of the third-party entity to exercise the Refusal Right and simultaneously deliver to Buyer an original of this Agreement, fully executed by Buyer and Seller, at which time this Agreement shall become in full force and effect.   The date upon which

---

1.   " ' "[T]he jurisdiction of this Court . . . is determined by constitutional provisions, statutory provisions, and rules; jurisdiction cannot be conferred by consent of the parties."   Consequently, "this Court will dismiss an appeal *sua sponte* when it notices that appellate jurisdiction is lacking." ' "   *East v. Gilchrist*, 293 Md. 453, 458, 445 A.2d 343, 345 (1982) (citations omitted).

Buyer receives Seller's notification that the Refusal Right has been waived and/or terminated, as well as a fully-executed original of this Agreement shall be referred to herein as the "Effective Date."

In the event that Washington Homes did not exercise its right of first refusal, the agreement provided: "Within forty-eight (48) hours after the Effective Date . . ., Buyer shall pay to Home Title Company, Inc. ("Escrow Agent") the sum of Fifty Thousand Dollars ($50,000.00) as a first deposit ("First Deposit")." Also upon the "Effective Date," Rustic Ridge would have a 60 day "study period," during which it could "determine[ ], in its sole discretion, that the development of the Property for the Intended Use is practical. . . ." Within the 60–day period, Rustic Ridge could either (1) determine that the plan was impractical, terminate the agreement, and obtain the return of its deposit from the escrow agent, or (2) determine that the plan was practical and make a second $50,000.00 deposit. The agreement called for Rustic Ridge to execute a promissory note for the remaining amount at a later date.

It appears from the record that Rustic Ridge received notification from the sellers on September 1, 2000, that Washington Homes had not exercised its right of first refusal. On November 1, 2000, John Dixon, on behalf of Rustic Ridge, sent a letter to Washington Homes. In the letter, Dixon referred to several perceived problems that had arisen which might affect "consummating the closing on the project." As a result of the perceived problems, Dixon proposed several revisions to the agreement. Dixon closed the letter by stating:

The Study Period is scheduled to expire today. In the event that we are not able to agree to a mutually acceptable resolution to the above-referenced matters, this letter will serve as the Buyer's notice that it is terminating the Agreement. . . .

The record does not reflect whether the sellers agreed to Dixon's proposed revisions. Nor does it reflect whether Rustic Ridge sought the return of its first deposit from the escrow

agent. There is no dispute, however, that Rustic Ridge never made the second deposit contemplated by the agreement.

On December 12, 2000, Rustic Ridge sent to the sellers an "Agreement of Sale Addendum," signed by Dixon, which altered various terms of the original agreement. The addendum seemingly acknowledged the continued existence of Washington Homes' right of first refusal. It stated:

> It is understood and agreed that Washington Homes, Inc. has a right of first refusal to purchase the Property under the same conditions as outlined in the Agreement and this Addendum. Seller shall notify Buyer within seven (7) days of Seller's receipt of this executed addendum from Buyer if Washington Homes, Inc. has exercised its right to purchase the Property. If Washington Homes, Inc. exercises its right to purchase the Property, the Agreement shall become null and void and the Deposit shall be returned to Buyer.

The sellers did not sign the proposed addendum. On December 18, 2000, Washington Homes notified the sellers of the following by letter:

> This is to advise you that Washington Homes, Inc . . . . is hereby exercising its right of first refusal for the above-referenced property.
>
> Please prepare an agreement that mirrors the existing agreement between the Sellers and Rustic Ridge, LLC but which incorporates ... name changes, notice changes, and other [agreed upon] changes. . . .

That same day, Washington Homes forwarded to the sellers a check for $100,000.00, representing the first two required deposits.

A closing was held February 15, 2001, at which time title to the land was transferred from the sellers to Washington Homes. Also on February 15, Rustic Ridge filed a *lis pendens* action against the sellers, alleging that it had a valid contract to purchase the property and seeking specific performance of the alleged contract.[2]

---

2. Counsel for Washington Homes informed this Court at oral argument that a trial was held in the Circuit Court for Prince George's County in

On April 26, 2001, as a result of Rustic Ridge's suit against the sellers, Washington Homes filed the complaint against Rustic Ridge that is the source of this appeal.

## DISCUSSION

██   Ordinarily, "a party may appeal [only] from a final judgment entered in a civil or criminal case by a circuit court." Md.Code (1974, 2002 Repl.Vol.), § 12–301 of the Cts. & Jud. Proc. Art.   Rustic Ridge does not contend that the partial summary judgment against it was a final judgment.   Rather, Rustic Ridge takes the position that the partial summary judgment was an appealable interlocutory order that fell within an exception to the final judgment rule.

In support of its position, Rustic Ridge directs this Court to § 12–303(1) and (3)(v) of the Courts Article:

A party may appeal from any of the following interlocutory orders entered by a circuit court in a civil case:

(1) An order entered with regard to the possession of property with which the action is concerned or with reference to the receipt or charging of the income, interest, or dividends therefrom, or the refusal to modify, dissolve, or discharge such an order.

. . .

(3) An order:

. . .

(v) For the sale, conveyance, or delivery of real or personal property or the payment of money, or the refusal to rescind or discharge such an order, unless the delivery or payment is directed to be made to a receiver appointed by the court.

---

Rustic Ridge's suit against the sellers, and the court entered judgment in favor of the sellers in that case.   Rustic Ridge's appeal from that judgment is now pending in this Court.

. . .

Code (1974, 2002 Repl.Vol.), § 12–303(1) and (3)(v) of the Cts. & Jud. Proc. Art.

We readily dispose of Rustic Ridge's contention that the appeal may be brought pursuant to § 12–303(3)(v) of the Courts Article. In granting partial summary judgment in favor of Washington Homes and thus declaring Washington Homes to be "the proper and rightful owner" of the land in question, the court did not order the "sale, conveyance, or delivery of real or personal property or the payment of money. . . ." *Id.* Nor did the court refuse "to rescind or discharge such an order," as no such order had ever been made. *Id.* The land was sold and title was transferred to Washington Homes long before the court issued its ruling.

■ Nor do we find merit in Rustic Ridge's contention that the appeal is authorized by § 12–303(1) of the Courts Article, which concerns "possession of property" or "the receipt or charging of the income, interest, or dividends" from the property. *Id.* Clearly, the trial court's ruling did not involve income, interest, or dividends from the property. The ruling did not purport to address possession, moreover.

■ Possession is "[t]he right under which one may exercise control over something to the exclusion of all others." Black's Law Dictionary 1183 (7th ed.1999). While possession is often a right incident to ownership, that is not always the case. *See, e.g., Mayor and City Council of Baltimore v. Boitnott,* 356 Md. 605, 741 A.2d 1079 (1999) (landlord/tenant); *Bledsoe v. Bledsoe,* 294 Md. 183, 448 A.2d 353 (1982) (use and possession of family home). The trial court merely declared that Washington Homes was the rightful owner of the property; it did not address whether Washington Homes had the present right to possess the property as well.

In any event, there can be no dispute that Rustic Ridge had no right to possess the property. Rustic Ridge claimed only a contractual interest in the property. That claimed interest

might or might not have led eventually to a transfer of title and corresponding right of possession.

This Court addressed a similar argument in *McCormick Constr. Co., Inc. v. 9690 Deerco Rd. Ltd. P'ship,* 79 Md.App. 177, 556 A.2d 292 (1989). There, a subcontractor filed a mechanic's lien action against the general contractor, and the general contractor filed a motion to compel arbitration. The trial court granted the motion, thus staying the action pending arbitration. The subcontractor attempted to appeal from the granting of the motion. It argued that § 12–303(1) of the Courts Article was applicable, in that the right of possession is ultimately determined if a mechanic's lien is established and the property is sold at foreclosure. We dismissed the appeal and explained:

> We think the legislative intent in enacting the section was to permit an appeal of an interlocutory order where a controversy exists over the right to possession of property or the benefits generated therefrom during the pendency of litigation. Clearly, [the subcontractor] has no present right to possession and whether any such right may ultimately exist is purely speculative. The fact that after foreclosure of a mechanic's lien someone will eventually possess the property does not supply a predicate for allowing an appeal of an interlocutory order "entered with regard to the possession of property with which the action is concerned." [§ 12–303(1).] The trial court's order, staying the proceedings pending the outcome of arbitration, simply does not address any issue of possession.

*Id.* at 181, 556 A.2d at 294. *Compare Mayor and City Council of Baltimore v. Kelso Corp.,* 281 Md. 514, 517 n. 2, 380 A.2d 216, 218 (1977) (trial court order divesting City of possession of and title to property it had condemned was immediately appealable under § 12–303(1)); *Bledsoe,* 294 Md. at 185 n. 1, 448 A.2d at 354 n. 1 (trial court order granting wife use and possession of family home *pendente lite* was immediately appealable).

In *Lewis v. Lewis,* 290 Md. 175, 428 A.2d 454 (1981), the Court of Appeals made clear that, in order for § 12–303(1) to apply, the possessory interest involved must be immediate. In *Lewis,* the husband obtained from a Texas court a divorce decree and a declaration that the wife had no interest in his military retirement benefits. Thereafter the wife, who had never submitted to personal jurisdiction in Texas, filed a complaint for divorce in the Circuit Court for Montgomery County. Upon the husband's motion, and in light of the Texas decree, the court dismissed that portion of the complaint pertaining to dissolution of the marriage. The court thereafter granted partial summary judgment in the husband's favor, specifying that the marital property that was the subject of the Texas decree, including the retirement benefits, was "removed from the Maryland Marital Estate for purposes of the Maryland Court's exercising any powers" over it. *Id.* at 179, 428 A.2d at 456.

The wife filed an appeal from the partial summary judgment pursuant to § 12–303(1), but the Court of Appeals dismissed the appeal. It explained:

> Had the order here ousted Mrs. Lewis pendente lite from the possession of the home she was then occupying in Montgomery County, we would have an example of "[a]n order entered with regard to the possession of property with which the action is concerned . . . ." Such is not the case. The issue Mrs. Lewis wants us to decide is whether the chancellor was correct in determining that the Circuit Court for Montgomery County was without jurisdiction under our statute by virtue of the Texas decree to determine whether Mr. Lewis' military retirement pay is part of the marital estate. This order in no way can be said to be one "entered with regard to the possession of property . . . ." It simply fails to come within the statute authorizing an interlocutory appeal.

*Id.* at 184, 428 A.2d at 459.

As in *Lewis* and *McCormick Constr. Co., Inc.,* the ruling from which Rustic Ridge seeks to appeal has no direct bearing

on the possession of the property. The case does not fall within the ambit of § 12–303(1).

As a final matter, we observe that "if the lower court had discretion to direct the entry of a final judgment pursuant to Rule 2–602(b)" but simply did not do so, this Court would have discretion to "enter a final judgment on its own initiative," or to "remand the case for the lower court to decide whether to direct the entry of a final judgment." Md. Rule 8–602(e). Rule 2–602(b) provides:

> If the court expressly determines in a written order that there is no just reason for delay, it may direct in the order the entry of a final judgment:
>
> (1) as to one or more but fewer than all of the claims or parties; or
>
> (2) pursuant to Rule 2–501(e)(3), for some but less than all of the amount requested in a claim seeking money relief only.

In granting partial summary judgment in favor of Washington Homes, the trial court did not purport to direct the entry of a final judgment. We are convinced, moreover, that the court could not properly have done so. Rule 2–602(b) "may not be used to certify as final only part of a claim." *G–C P'ship v. Schaefer*, 358 Md. 485, 488, 749 A.2d 823, 825 (2000).

In *East v. Gilchrist*, 293 Md. 453, 445 A.2d 343 (1982), plaintiffs brought an action against various Montgomery County officials seeking: a declaratory judgment to the effect that a County code provision prohibiting the County from funding the operation of a landfill on land zoned for residential use was valid; writs of mandamus; injunctions; and monetary damages. The trial court granted a declaratory judgment in favor of the defendants, and the plaintiffs appealed before the court resolved the remaining requests for relief. The Court of Appeals dismissed the appeal. It explained:

> [A]ll of the requests for relief based upon the validity or invalidity of [the charter provision] amounted to one "claim" for purposes of Rule [2–602(b)]. The defendants' alleged failure to comply with [the charter provision] in connection

with a single sanitary landfill constituted one set of operative facts. It is one cause of action. Declarations concerning the validity of [the charter provision] and the defendants' violation of the provision, mandamus and injunctive relief based upon the alleged violation, and damages caused by the alleged violation, are all multiple remedies for the violation of one legal right.

*Id.* at 459–60, 445 A.2d at 346. The Court summarized:

A claim for purposes of Rule [2–602(b) ] must at least be a complete cause of action; if two purportedly separate "claims" are actually the same cause of action, then only one claim is presented.... Different legal theories for the same recovery, based on the same facts or transaction, do not create separate "claims" for purposes of the rule.... *Moreover, where different items of damages or different remedies are sought for the same cause of action, multiple claims are not presented.*

*Id.* at 459, 445 A.2d at 346 (emphasis added; citations omitted).

Washington Homes' claims, like those in *East,* are but one cause of action seeking two different types of damages. Count One, seeking a declaratory judgment, and Count Two, seeking monetary damages for slander of title, are based on the same set of facts: the filing by Rustic Ridge of the *lis pendens* action against the sellers. The entry of a final judgment as to the trial court's declaratory judgment would be improper.

Because we "may not decide the issue presented if we have no jurisdiction to decide it, notwithstanding the importance of the issue," we necessarily dismiss the appeal. *Lewis,* 290 Md. at 179, 428 A.2d at 457.

APPEAL DISMISSED. COSTS TO BE DIVIDED EQUALLY.