952 A.2d 391

Tammy **ABNER**

v.

**BRANCH BANKING & TRUST COMPANY.**

No. 1446, Sept. Term, 2007.

Court of Special Appeals of Maryland.

July 3, 2008.

Mary Ann Ryan, Laurel (Ron D. Abrams on the brief, Columbia), for Appellant.

Robert E. Greenberg (Thomas F. Murphy, Frances C. Wilburn, Friedlander, Misler, Sloan, Kletzkin & Ochsman, PLLC on the brief), Washington, DC, for Appellee.

Panel: DAVIS, DEBORAH S. EYLER, and PAUL A. HACKNER (specially assigned), JJ.

DAVIS, Judge.

In this appeal, appellant, Tammy Abner, challenges the circuit court's ruling that her complaint did not allege facts to maintain an action under the Maryland Uniform Fraudulent Conveyance Act (MUFCA), codified in Maryland Code (1975, 2005 Repl.Vol.), Commercial Law Article § 15–201 *et seq.*, specifically § 15–207. On August 8, 2006, she brought suit in the Circuit Court for Prince George's County against appellee, Branch Banking and Trust Company (BB & T), and five other named defendants.

Appellee moved to dismiss count one of appellant's complaint, arguing that appellant had failed to plead the allegations required under MUFCA and that, even assuming appellant had properly pleaded those allegations, the material facts are not in dispute and, thus, it was entitled to judgment as a matter of law. By Order dated June 26, 2007, the circuit court (Northrop, J.) granted appellee's motion. Appellant thereafter noted an appeal, in which she raises the following issue for our review:

Whether the [c]ircuit [c]ourt erred in dismissing [appellee], given the sufficiency of the allegations of the Complaint; given that discovery was not complete; and given the fact that [appellee's] Motion to Dismiss had already been denied.

Because the instant matter is not an appeal from a final judgment, nor does it come within any exception to Maryland Rule 2–602, we shall dismiss this appeal.

## FACTUAL BACKGROUND[1]

On September 11, 2002, appellant obtained a jury award against Artisan Printing, Inc. (Artisan) and its ninety-five percent shareholder and president, Kenneth Wiggins, for sexual harassment and sexual battery. Kenneth and his wife, Kimberly Wiggins, were the sole partners of Fernham Drive Partnership (the Partnership), whose sole asset was an improved commercial property (the Property) located in Prince George's County from which Kenneth operated Artisan.

Appellant alleges that a "few days after" Kenneth and Artisan were found liable, but before a final judgment was entered, Kenneth and Kimberly converted the Partnership to a limited liability partnership known as "Fernham Drive Partnership, LLP" (Fernham). In the document entitled "[Fernham], Certificate of Limited Liability Partnership, Conversion from a General Partnership," Kenneth and Kimberly agreed that Fernham would have the same partners as the Partnership and that it would be "deemed for all purposes the same entity that existed before the conversion." The document additionally provided that the Property belonging to the Partnership would become the Property of Fernham and that the Property would be held by Kenneth and Kimberly as tenants by the entirety.

In December of 2002, Fernham obtained a loan from appellee in the amount of $675,000, secured by the Property. The beneficiary of the loan was Artisan and the mortgage documents were signed by Kenneth. Approximately three years after the second mortgage was obtained, in October of 2005, Artisan was forced into involuntary bankruptcy under Chapter 7 in the United States Bankruptcy Court for the District of Maryland.

---

1. Although we dismiss the appeal on procedural grounds, the facts of the case provide the context for appellant's argument that she is entitled to rely upon § 12–303(1) of Md.Code Ann. (1974, 2006 Repl. Vol.), Courts and Judicial Proceedings Article, as authority for pursuing an interlocutory appeal.

In January of 2006, appellant obtained an order charging Kenneth's interest in Fernham for the amount of her full unpaid judgment. Seven months later, on August 23, 2006, appellant filed suit against Kenneth, Kimberly, the Partnership, Fernham, Artisan and appellee, alleging claims of fraudulent conveyance under MUFCA. Artisan was voluntarily dismissed from the suit.

On October 2, 2006, appellee filed a motion to dismiss, which the trial court denied without prejudice. Appellant, on December 21, 2006, amended her complaint, wherein she asserted (1) that appellee, despite its knowledge that appellant had a judgment against Kenneth and Artisan and that the proceeds of the loan would be used for Artisan, issued a second mortgage to Fernham, (2) that Kenneth purposely sold Artisan's assets and incurred debts in order to make Artisan insolvent and (3) that the proceeds from the sale of assets were paid directly to appellee when they should have been paid to her in satisfaction of her judgment.

Appellee filed a second motion to dismiss. By order dated June 26, 2007 and entered on June 28, 2007, the trial court granted appellee's motion. Appellant requested that the trial judge reconsider its decision to grant appellee's motion to dismiss. On July 30, 2007, the court denied appellant's motion for reconsideration.

## ANALYSIS

As conceded by the parties during oral argument before this Court, the trial court adjudicated "the rights and liabilities of fewer than all of the parties to the action" in dismissing appellee, one of the six named defendants and, therefore, the court's order does not constitute a final judgment. *See* Md. Rule 2–602. Pursuant to § 12–301 of Md.Code (1974, 2006 Repl.Vol.), Courts and Judicial Proceedings Article,[2] "a party may appeal from a final judgment entered in a civil or criminal

---

**2.** Unless otherwise indicated, we shall refer to Md.Code (1974, 2006 Repl.Vol.), Courts and Judicial Proceedings Article § 12–301 to 12–303.

case by a circuit court." *See also* § 12–101(f) (defining "final judgment" as "a judgment . . . or other action by a court . . . from which an appeal, application for leave to appeal, or petition for certiorari may be taken").

It is well settled that, "to be appealable, an order or judgment ordinarily must be final." *Baltimore Police Dep't v. Cherkes,* 140 Md.App. 282, 298, 780 A.2d 410 (2001, internal citations omitted). Under Maryland law there are only three limited exceptions to the final judgment rule. Judge Wilner, writing for the Court of Appeals, explained these exceptions:

> [W]e have made clear that the right to seek appellate review of a trial court's ruling ordinarily must await the entry of a final judgment that disposes of all claims against all parties, and that there are only three exceptions to that final judgment requirement: appeals from interlocutory orders specifically allowed by statute; immediate appeals permitted under Maryland Rule 2–602; and appeals from interlocutory rulings allowed under the common law collateral order doctrine.

*Salvagno v. Frew,* 388 Md. 605, 615, 881 A.2d 660 (2005).

In the instant matter, the second and third exceptions are not implicated. The trial court has not directed the entry of a final judgment pursuant to Rule 2–602(b), nor does appellant's appeal meet the following four elements of the collateral order doctrine:

(1) it must conclusively determine the disputed question;

(2) it must resolve an important issue;

(3) it must be completely separate from the merits of the action; and

(4) it must be effectively unreviewable on appeal from a final judgment.

*Addison v. State,* 173 Md.App. 138, 154, 917 A.2d 1200 (2007) (holding that the four elements are conjunctive in nature). As with most interlocutory appeals, the third and fourth requirements of the doctrine have not been met.

Therefore, for the interlocutory order to be immediately appealable, appellant's appeal must fall within a statutory exception. When asked the legal basis for the instant appeal during oral argument, counsel for appellant posited that the appeal was properly before this Court pursuant to C.J., 12–303. Pursuant to § 12–303, a party may appeal from one of several explicitly delineated interlocutory orders [3] entered by

---

**3.** (1) An order entered with regard to the *possession of property with which the action is concerned or with reference to the receipt or charging of the income, interest, or dividends therefrom,* or the refusal to modify, dissolve, or discharge such an order;

(2) An order granting or denying a motion to quash a writ of attachment; and

(3) An order:

(i) Granting or dissolving an injunction, but if the appeal is from an order granting an injunction, only if the appellant has first filed his answer in the cause;

(ii) Refusing to dissolve an injunction, but only if the appellant has first filed his answer in the cause;

(iii) Refusing to grant an injunction; and the right of appeal is not prejudiced by the filing of an answer to the bill of complaint or petition for an injunction on behalf of any opposing party, nor by the taking of depositions in reference to the allegations of the bill of complaint to be read on the hearing of the application for an injunction;

(iv) Appointing a receiver but only if the appellant has first filed his answer in the cause;

(v) For the sale, conveyance, or delivery of real or personal property or the payment of money, or the refusal to rescind or discharge such an order, unless the delivery or payment is directed to be made to a receiver appointed by the court;

(vi) Determining a question of right between the parties and directing an account to be stated on the principle of such determination;

(vii) Requiring bond from a person to whom the distribution or delivery of property is directed, or withholding distribution or delivery and ordering the retention or accumulation of property by the fiduciary or its transfer to a trustee or receiver, or deferring the passage of the court's decree in an action under Title 10, Chapter 600 of the Maryland Rules;

(viii) Deciding any question in an insolvency proceeding brought under Title 15, Subtitle 1 of the Commercial Law Article;

(ix) Granting a petition to stay arbitration pursuant to § 3–208 of this article;

(x) Depriving a parent, grandparent, or natural guardian of the care and custody of his child, or changing the terms of such an order; and

(xi) Denying immunity asserted under § 5–525 or § 5–526 of this article.

a circuit court in a civil case. We are only concerned, in this appeal, with § 12–303(1), upon which appellant relies as the authority for her right to note the instant appeal. According to appellant, at issue is whether the possession of the proceeds yielded from the sale by Fernham should be disbursed to her as a judgment creditor. Appellant thus contends that § 12–303(1) grants authorization for this interlocutory appeal. Her contention is without merit.

In *Rustic Ridge, LLC v. Washington Homes, Inc.*, 149 Md.App. 89, 814 A.2d 116 (2002), Washington Homes brought suit against Rustic Ridge, alleging that Washington Homes was "the proper and rightful owner" of certain land and sought damages against Rustic Ridge for slander of title. Washington Homes moved for partial summary judgment on the declaratory judgment count and the court granted the motion, finding that Washington Homes was the "proper and rightful owner." Rustic Ridge appealed, arguing that the partial summary judgment was an appealable interlocutory order that fell within § 12–301(1).

We held that the trial court's ruling did not involve income, interest or dividends from the property, nor did it purport to address possession. *Id.* at 96, 814 A.2d 116. Furthermore, there was no dispute that Rustic Ridge did not have a right to possess the property because it claimed only a contractual interest in the property. We concluded that the claimed interest might or might not eventually lead to a transfer of title and corresponding right of possession.

Similarly, in *McCormick Constr. Co., Inc. v. 9690 Deerco Rd. Ltd. P'ship*, 79 Md.App. 177, 556 A.2d 292 (1989), a subcontractor filed a mechanic's lien action against the general contractor and the general contractor filed a motion to compel arbitration. The trial court granted the motion, staying the action pending arbitration. The subcontractor appealed, arguing that § 12–303(1) was applicable, in that the right of possession is ultimately determined if a mechanic's lien is

(Emphasis added).

established and the property is sold at foreclosure. We dismissed the appeal, explaining:

> We think the legislative intent in enacting the section was to permit an appeal of an interlocutory order where a controversy exists over the right to possession of property or the benefits generated therefrom during the pendency of litigation. Clearly, [the subcontractor] has no present right to possession and whether any such right may ultimately exist is purely speculative. The fact that after foreclosure of a mechanic's lien someone will eventually possess the property does not supply a predicate for allowing an appeal of an interlocutory order "entered with regard to the possession of property with which the action is concerned." [§ 12–303(1).] The trial court's order, staying the proceedings pending the outcome of arbitration, simply does not address any issue of possession.

*Id.* at 181, 556 A.2d 292.

As in *Rustic* and *McCormick Constr. Co., Inc.*, the ruling from which appellant seeks to appeal has no direct bearing on the possession of the proceeds yielded by the sale of Fernham. The order dismissing appellant's suit in no way can be said to be one "entered with regard to the possession of property." *Cf. G.E. Capital Mortgage Servs., Inc. v. Edwards,* 144 Md. App. 449, 798 A.2d 1187 (2002) (regarding the propriety of the grant of a *writ of possession* where the foreclosure sale had not yet been ratified); *Mayor & City Council of Baltimore v. Kelso Corp.,* 281 Md. 514, 517 n. 2, 380 A.2d 216 (1977) (trial court order divesting City of possession of and title to property it had condemned was immediately appealable under § 12–303(1)).

Moreover, appellant has no present right to possession and whether such right may ultimately exist is speculative. As of September 2002, appellant has been a judgment creditor of Kenneth and Artisan. In January 2006, appellant obtained an order charging Kenneth's interest in Fernham for the amount of her unpaid judgment. Notwithstanding the charging order, appellant has never been a creditor of Fernham. Because

appellant is not a judgment creditor of Fernham, she would not be entitled to possession of the proceeds of the sale.

This appeal does not fall within the ambit of § 12–303(1) or any other statutory exception and, thus, in the absence of a final judgment, dismissal is mandated.

**APPEAL DISMISSED.   COSTS TO BE PAID BY APPELLANT.**